Thomas E. ENGLE, Plaintiff–Appellant,

v.

Officer Craig MECKE, General Services Administration; United States of America, Defendants–Appellees.

No. 93–2162.

United States Court of Appeals, Tenth Circuit.

May 13, 1994.

**134**

Ray Twohig, Albuquerque, NM, for plaintiff-appellant.

Frank W. Hunger, Asst. Atty. Gen., Barbara L. Herwig and Jeffrey Clair, Attys., Appellate Staff, Civil Div., Dept. of Justice, Washington, DC, and Larry Gomez, U.S. Atty., Albuquerque, NM, for defendants-appellees.

Before BALDOCK and McKAY, Circuit Judges, and BROWN,* District Judge.

WESLEY E. BROWN, District Judge.

■ Plaintiff-appellant Thomas Engle appeals the trial court's award of $28,300.00 on his claims brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (FTCA), rather than the $351,646.00 awarded by a jury on his parallel constitutional claims. Because a FTCA claim against the federal government must be tried to the court, the Seventh Amendment did not require adoption of the jury's award, and we affirm.[1]

Mr. Engle, a former federal employee, engaged in a verbal altercation with a federal security guard after the guard refused to allow Mr. Engle to enter a building during off-duty hours without his key card. The guard, Officer Mecke, decided that Mr. Engle's use of profanity constituted disorderly conduct and began to issue him a citation. When Mr. Engle refused to stop and produce his identification, Officer Mecke forcibly took Mr. Engle into custody. Mr. Engle was subsequently acquitted of the disorderly conduct charge.

Mr. Engle brought a civil action against both Officer Mecke and the federal government. He sued Officer Mecke in his personal capacity, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for violations of the First, Fourth, and Fifth Amendments to the United States Constitution. Mr. Engle sued the United States under the FTCA for the common law torts of false arrest, assault and battery, and malicious prosecution.

The district court bifurcated the trial, submitting Mr. Engle's claims against Officer Mecke to the jury, while retaining the claims against the government for trial to the court. The jury awarded Mr. Engle $351,646.00 against Officer Mecke, finding that the officer unlawfully arrested Mr. Engle and violated his First Amendment right to freedom of speech, but that the officer did not use excessive force during the arrest. Appellant's App. at 58–60. Because he anticipated difficulties in collecting this award, however, Mr. Engle elected to proceed against the federal government on his tort action.

Based on the same evidence, the district court found that Officer Mecke lacked probable cause to arrest or detain Mr. Engle, and that, therefore, the officer was not privileged to assault and batter Mr. Engle. *Id.* at 154. The district court awarded Mr. Engle $28,300.00 in damages, denied defendants' motion for remittitur, and vacated the jury's verdict against Officer Mecke on the ground that the FTCA judgment constituted a complete bar

---

* Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that

oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

to the action against the federal officer. This appeal followed.

We review de novo the district court's legal conclusions under the FTCA. *See, e.g., Franklin v. United States,* 992 F.2d 1492, 1495 (10th Cir.1993). The district court's factual findings will be set aside, however, only if they are clearly erroneous. *O'Connor v. R.F. Lafferty & Co., Inc.,* 965 F.2d 893, 901 (10th Cir.1992).

█ When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA. *Carlson v. Green,* 446 U.S. 14, 20, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980). These are separate and distinct causes of action arising out of the same transaction. A decision to sue the government, however, affects the availability of a *Bivens* action against the federal officer. Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes "a complete bar to any action by the claimant, by reason of the same subject matter, against the employee ... whose act or omission gave rise to the claim." 28 U.S.C. § 2676; *Serra v. Pichardo,* 786 F.2d 237, 242 (6th Cir.), *cert. denied,* 479 U.S. 826, 107 S.Ct. 103, 93 L.Ed.2d 53 (1986).

FTCA claims may not be tried to a jury. 28 U.S.C. § 2402. Because plaintiffs often join their FTCA claims with ordinary claims to which there is a jury right, courts will bifurcate such trials to allow the accompanying claims to be determined by a jury. *See United States v. Yellow Cab Co.,* 340 U.S. 543, 555–56, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951) (suggesting bifurcation when FTCA claims joined with claims carrying the right to a jury). The FTCA claim itself is tried to the court, as was done here.

Mr. Engle argues that the district court was bound by the jury's verdict that he suffered $351,646.00 in damages arising out of Officer Mecke's conduct, and that by ignoring the jury's factual determination, the court violated Mr. Engle's Seventh Amend-ment right to a jury trial. In support, Mr. Engle relies on several cases which hold that where a jury determines factual issues common to both legal and equitable claims, the Seventh Amendment binds the court to the jury's determination of those issues. *See, e.g., Lytle v. Household Mfg., Inc.,* 494 U.S. 545, 550, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504 (1990); *Skinner v. Total Petroleum, Inc.,* 859 F.2d 1439, 1443 (10th Cir.1988). Those cases, however, involved parallel causes of actions between the same plaintiffs and defendants. By ignoring the jury's factual findings when deciding the parallel equitable claims, the trial courts negated the parties' right to a jury trial on their legal claims.

█ Here, in contrast, Mr. Engle had two separate and distinct causes of actions against two separate and distinct defendants. Had he chosen to seek his redress from the individual law enforcement officer, the jury verdict would have been given full effect and his Seventh Amendment rights would have been preserved. Because, however, he chose to seek redress from the United States government, he had no right to a jury's verdict. The United States, as sovereign, is completely immune from suit unless it consents to be sued. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). It may, therefore, condition its consent on dispensation of a jury trial without offending the Seventh Amendment. *See id.* at 587, 61 S.Ct. at 770. As Mr. Engle had no Seventh Amendment right to a jury trial, the district court did not err in making independent factual findings instead of accepting the jury's award.

Several courts have concluded that it would contravene the requirements of the FTCA and the conditions under which the United States has agreed to be held liable if a parallel jury determination were given binding effect in a FTCA action. *See, e.g., Barron v. United States,* 654 F.2d 644, 650 (9th Cir.1981) (holding that court's FTCA determination of damages could not be relitigated in a jury trial against an indemnitor because it would, in effect, allow the jury to fix the ultimate liability of the United States); *City of Pittsburgh v. United States,*

359 F.2d 564, 568–69 (3d Cir.1966) (district court's acceptance of jury determination instead of making its own factual findings violated the FTCA's requirement that all factual issues be adjudicated by a district judge); *Gallardo v. United States,* 697 F.Supp. 1243, 1247–48 (E.D.N.Y.1988) (holding that jury's verdict on negligence claim could not bind United States because it would subject government to the factual determinations of a jury in contravention to the FTCA). *Cf. Black v. United States,* 421 F.2d 255, 259 (10th Cir.1970) (when jury found damages of $40,000.00 and court in parallel FTCA claim found damages of $60,000.00, court's judgment of $60,000.00 controlled against the government); *United States v. Sommers,* 351 F.2d 354, 358, 359 (10th Cir.1965) (not clearly erroneous when district court found differently on negligence claim than did jury in parallel case based on the same evidence). Because Mr. Engle did not have a right to a jury trial in his action against the United States government, the district court did not err in making an independent factual finding as to Mr. Engle's damages.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.