**HOOSIER BANCORP OF INDIANA, INCORPORATED, John K. Snyder and Donald E. Hedrick, Plaintiffs–Appellants,**

v.

**Jane RASMUSSEN, Individually, Christopher Sablich, Individually, Michelle M. Collins, Individually, et al., Defendants–Appellees.**

No. 95–3581.

United States Court of Appeals, Seventh Circuit.

Argued May 17, 1996.

Decided July 11, 1996.

Patrick R. James (argued), Samuel Perroni, Little Rock, AK, for Plaintiffs–Appellants.

Gerald A. Coraz (argued), Office of the United States Attorney, Indianapolis, IN, for Defendants–Appellees.

Before CUMMINGS, BAUER and KANNE, Circuit Judges.

CUMMINGS, Circuit Judge.

This is one of the many suits plaintiffs filed seeking redress for what they believe was the wrongful decision of federal banking regulators to liquidate the Rushville National Bank, for which plaintiffs were formerly officers. Specifically, this is a *Bivens*[1] action against seven employees of the Office of the Comptroller of Currency ("OCC") who were involved in the bank's closure on December 18, 1992. Plaintiffs allege that these defendants violated plaintiffs' substantive and procedural due process rights and that their actions constituted a taking under the Fifth Amendment. The district court dismissed the complaint on alternate grounds: That it was barred by the statute of limitations; and that it was barred by 28 U.S.C. § 2676. For the following reasons, we affirm.

## I.

In *Lewellen v. Morley*, 875 F.2d 118 (7th Cir.1989), we held that a federal court deciding a *Bivens* action should apply the same statute of limitations that it would apply if the suit were brought pursuant to 42 U.S.C. § 1983. *Id.* at 119. The Supreme Court has directed that the proper statute of limitations for Section 1983 claims is the personal injury statute of limitations of the state in which the alleged injury arose. *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254. Thus because the defendants' actions underlying this suit occurred in Indiana, both parties agree that Indiana's two-year statute of limitations applies. See *Bailey v. Faulkner*, 765 F.2d 102 (7th Cir. 1985); Ind.Code 34–1–2–2(1). Given that the cause of action here accrued on December 18, 1992 (when the OCC closed the bank), the plaintiffs were required to file their action by December 18, 1994. Whether the plaintiffs have done so is the first point of contention.

Plaintiffs took several actions to seek redress for the defendants' alleged constitutional violations. First, they submitted an administrative claim against the OCC and the FDIC on February 22, 1994, pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.* Next, on April 22, 1994, they filed an administrative FTCA claim against the captioned defendants. The OCC denied the first FTCA claim on August 22, 1994. On September 30, 1994, plaintiffs filed a *Bivens* action in the district court. On November 21, 1994, the OCC denied the second FTCA claim. The plaintiffs then filed an FTCA claim in district court. On January 27, 1995, they did two things: At 3:28 p.m., they filed their complaint in this *Bivens* action in the district court; and one hour later, at 4:31 p.m., they voluntarily dismissed the original *Bivens* action. On February 10, 1995, the district court entered judgment

---

1. See *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619, where the Supreme Court permitted an action for damages from injuries resulting from federal agents' alleged violation of the Constitution.

against the plaintiffs in the FTCA claim, and on September 29, 1995, the district court dismissed this *Bivens* action.

Plaintiffs' original *Bivens* complaint was filed within the statute of limitations period. Furthermore, the original complaint was identical in every respect to the one filed in the current suit. But because the complaint in the current suit was filed outside of the statute of limitations period, the district court dismissed it as being time-barred. The plaintiffs argue that three equitable theories preclude applying the statute of limitations to bar their claim.

■ They first argue equitable tolling. They begin with a contention that they filed the administrative FTCA claim against defendants on a mistaken interpretation of the law regarding suits against United States employees. For common-law tort actions resulting from the acts or omissions of federal employees (i.e., FTCA claims), the law requires one to exhaust all administrative remedies prior to filing suit in federal court. *McNeil v. United States,* 508 U.S. 106, 112, 113 S.Ct. 1980, 1983–84, 124 L.Ed.2d 21. However, for suits alleging violations of constitutional protections (i.e., *Bivens* actions), there is no exhaustion requirement. See *McCarthy v. Madigan,* 503 U.S. 140, 155–156, 112 S.Ct. 1081, 1091–92, 117 L.Ed.2d 291; *Patsy v. Board of Regents of the State of Fla.,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172. The FTCA expressly recognizes the distinction between the two types of actions and exempts all actions "brought for a violation of the Constitution." 28 U.S.C. § 2679(b)(2)(A). Nonetheless, plaintiffs assert that their former counsel misinterpreted the law to require exhaustion prior to filing their current *Bivens* action. They argue that this good faith mistake entitles them to an equitable tolling for the entire period in which they sought administrative relief.

■ Even if we were to accept plaintiffs' assertion regarding their counsel as true, there is absolutely no authority for tolling a statute of limitations while a party takes unnecessary legal action, regardless of whether that action was taken in good faith. The doctrine of equitable tolling aids plaintiffs who, because of "disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996). It does not provide aid to those plaintiffs who fail to research the requirements of bringing a lawsuit.

■ Plaintiffs next argue that the defendants should be equitably estopped from asserting the statute of limitations as a defense. Plaintiffs contend that the defendants should be bound by the following provision of the OCC letter denying the administrative FTCA claim:

> Pursuant to 28 C.F.R. § 14.9(a), you are hereby informed that if the claimants are dissatisfied with this determination, you may file suit in an appropriate United States district court not later than six months after the date of mailing of this notification of denial. 28 U.S.C. § 401(b).

Essentially, plaintiffs argue that we should apply the "six months from [November 21, 1994]" provision, instead of the "two years from the time of injury" statute of limitations, in determining whether their complaint was timely filed. Equitable estoppel requires action taken by a defendant to prevent a potential plaintiff from filing suit. *Miller,* 77 F.3d at 191. For example, equitable estoppel is proper where a defendant makes a misrepresentation of material fact, or promises not to raise the statute of limitations as a defense. Given this requirement, plaintiffs' argument must fail. The OCC letter is not a misrepresentation because it is a correct statement of the law regarding FTCA claims—a party whose FTCA claim is denied has six months to assert that claim in district court. The fact that plaintiffs' counsel failed to distinguish the above limitations period from that involved in *Bivens* actions is not the fault of anyone at the OCC. Furthermore, even if we were to conclude that the above provision was a representation, it was not made by the defendants in this action. Estoppel is only appropriate where the prospective defendant himself has done something to prevent the prospective plaintiff from suing in time. *Wolin v. Smith Barney, Inc.,* 83 F.3d 847, 850 (7th Cir.1996).

■ Finally, plaintiffs argue that because their original complaint and their current complaint alleged the same constitutional violations, we should either "tack" the original complaint to the current one for limitations purposes, or hold that the current complaint was simply an amendment of the original one. While we agree that the two complaints allege essentially the same constitutional violations, neither of plaintiffs' theories is supportable. Courts have consistently held that statutes of limitation continue to run during the pendency of earlier actions that are later voluntarily dismissed. See, e.g., Beck v. Caterpillar, Inc., 50 F.3d 405, 407 (7th Cir.1995); Brown v. Hartshorne Public Sch. Dist. No. 1, 926 F.2d 959, 961 (10th Cir.1991); Davis v. Smith's Transfer, Inc., 841 F.2d 139, 140 (6th Cir.1988). The voluntary dismissal simply leaves the situation as if the earlier action had never been filed. See 9 Wright & Miller, Federal Practice and Procedure, § 2367 (2d ed.1995), and cases cited. Neither can the current complaint be legitimately viewed as a mere amendment. The current complaint alleged its own distinct cause of action. Its similarity to a previously brought, but later dismissed, complaint does not alter its independent status.

In sum, while we are sympathetic to the plaintiffs' situation, this Court will not carve a "mistake of counsel" exception into Indiana's limitations statute, or its corollary equitable doctrines. Moreover, there is little reason to do so here because, as we next show, the plaintiffs' claims would also be barred by 28 U.S.C. § 2676.

## II.

After the OCC denied plaintiffs' administrative claim, plaintiffs filed an FTCA claim in district court. See Hoosier Bancorp, John K. Snyder and Donald E. Hedrick v. Office of the Comptroller of the Currency, Department of the Treasury, Federal Deposit Insurance Corporation, Cause No. IP94–1265–C–D/F. On February 10, 1995, the court entered judgment for the defendants in that case. As an alternate ground for dismissing the present case, the district court concluded that the Bivens action was precluded by the FTCA judgment, as provided in the following section:

The judgment in an [FTCA action] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

28 U.S.C. § 2676. The court interpreted "judgment" as applying to all judgments, both against and in favor of the government.

■ Plaintiffs argue that Section 2676 should only be applied to prevent double recoveries, and they cite a number of cases where Section 2676 was applied in that manner. See, e.g., Rodriguez v. Handy, 873 F.2d 814 (5th Cir.1989). Thus they argue that because they recovered nothing in their FTCA case, Section 2676 should not bar their Bivens action. Plaintiffs cite Branch v. United States, 979 F.2d 948, 951 (2d Cir. 1992), and Henderson v. Bluemink, 511 F.2d 399 (D.C.Cir.1974), as direct support for their contention. However, Branch held only that Section 2676 did not bar a suit against the United States after the plaintiff had released one of the individual defendants. And while the court in Henderson did state that Section 2676 "proscribes a double recovery, not a suit against the individual in the first instance," it did so only in reference to the court's holding that an employee was not immune from civil liability simply because of his federal employment. The case had nothing to do with separate actions against both the United States and its employees.

The Ninth Circuit is the only court to have addressed the question directly. In Gasho v. United States, 39 F.3d 1420, 1437 (9th Cir. 1994), certiorari denied, —— U.S. ——, 115 S.Ct. 2582, 132 L.Ed.2d 831, the court concluded that the language of Section 2676 was neither "ambiguous" nor "vague," and suggested no distinction between judgments favorable and judgments unfavorable to the government. It also found that the legislative history of the section indicated that Congress was concerned not only with double recoveries by plaintiffs, but with the prevention of multiple lawsuits as well. Furthermore, it concluded that a broad interpretation of "judgment" serves the interest of

judicial economy: "Plaintiffs contemplating both a *Bivens* claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions." *Id.* at 1438.

We find the Ninth Circuit's reasoning persuasive: There is no indication that Congress intended Section 2676 to apply only to favorable FTCA judgments. Thus we join the conclusion that "*any* FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action on the same conduct that was at issue in the prior judgment." *Id.* at 1437.

Judgment affirmed.