# In the
# United States Court of Appeals
## For the Seventh Circuit

Nos. 07-1120 and 07-1427

STEVEN MANNING,

*Plaintiff-Appellant,*
*Cross-Appellee,*

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee,*

and

ROBERT BUCHAN and GARY MILLER,

*Defendants-Appellees,*
*Cross-Appellants.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 372—**Matthew F. Kennelly**, *Judge.*

ARGUED MAY 14, 2008—DECIDED OCTOBER 6, 2008

Before BAUER, FLAUM and MANION, *Circuit Judges.*

BAUER, *Circuit Judge.* If a federal law enforcement officer commits a tort, the victim has two distinct avenues of relief: he may pursue a constitutional tort claim against the individual officer under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), or he may pursue a common law tort claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. The latter avenue is subject to an important caveat. Under 28 U.S.C. § 2676, a judgment in an FTCA action acts as a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

Steven Manning pursued both avenues of relief in this case. His *Bivens* claims against two FBI agents succeeded, but his FTCA claim against the United States failed. The district court, finding that the FTCA judgment bar applied, vacated Manning's favorable judgment on his *Bivens* claims. Manning appealed. Because we agree that the FTCA judgment barred Manning's *Bivens* claims against the agents, we affirm.

## I. BACKGROUND

Steven Manning, a former Chicago police officer and FBI informant, was convicted of kidnapping in Missouri and murder in Illinois. He received a life sentence for the kidnapping charge and a death sentence for the murder charge. Both convictions were overturned. The Illinois Supreme Court reversed his murder conviction, *People v.*

*Manning*, 182 Ill.2d 193, 695 N.E.2d 423, 230 Ill.Dec. 933 (1998), and the Eighth Circuit granted habeas relief on the kidnapping conviction, *Manning v. Bowersox*, 310 F.3d 571 (8th Cir. 2002). Manning has not been retried in either case.

Manning filed suit against FBI agents Robert Buchan and Gary Miller, alleging that their conduct in the investigation and prosecution of the Missouri and Illinois cases violated his rights. He sought relief under *Bivens* and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c). In the same action, he filed suit against the United States under the FTCA for common law torts of malicious prosecution and intentional infliction of emotional distress. Prior to discovery, Buchan and Miller moved for summary judgment based on absolute and/or qualified immunity. The district court denied these motions, and we affirmed. *Manning v. Miller*, 355 F.3d 1028 (7th Cir. 2004). The case returned to the district court for discovery and trial.

The two claims were tried together in a combined, though bifurcated, trial. Claims under the FTCA may not be tried to a jury, 28 U.S.C. § 2402, so district court judges often bifurcate trials where FTCA claims are joined with other claims. The district court in this case followed that procedure: the claims against Buchan and Miller were tried before a jury, and the claims against the government were tried simultaneously before the court.

On January 24, 2005, a jury found for Manning on his *Bivens* claims, awarding over $6.5 million in damages against the two agents. The jury made specific findings

that one or both of the agents fabricated or caused to be fabricated certain material evidence, and then concealed this and other material matters from Manning and the prosecutors who handled the cases. The jury found for the agents on the RICO claims.

On March 23, 2005, Manning moved to have judgment entered on the jury's verdict in the *Bivens* claims. Manning noted in the motion that, even though the FTCA claim was still pending before the court, a simultaneous entry of judgments on the FTCA claim and the *Bivens* claims might trigger the FTCA judgment bar. Defendants did not object to the motion. On March 25, 2005, the district court ordered the clerk to enter judgment in favor of Manning on the *Bivens* claims.[1]

On September 26, 2006, the district court found in favor of the United States on Manning's FTCA claims. The court concluded that excluding the evidence fabricated by the FBI agents, probable cause still existed to prosecute Manning for both the kidnapping and the murder, thereby defeating the malicious prosecution claim. The court also found that Manning failed to meet his burden of persuasion on the intentional infliction of emotional

---

[1] In an odd twist—ultimately without any impact on this case—the clerk apparently did not follow the court's order and failed to enter the judgment on the jury's verdict until *after* it entered the judgment on the FTCA claim. We subsequently granted the district court leave to correct this clerical error, and the district court entered judgment on the jury's verdict *nunc pro tunc* to March 25, 2005.

distress claim. Following this ruling, the agents moved to vacate the judgment against them under Federal Rule of Civil Procedure 59(e), claiming that the FTCA judgment bar compelled vacatur of the prior judgment in the *Bivens* claims. The district court granted the motion and vacated the judgment against Buchan and Miller. This timely appeal followed.

## II. ANALYSIS

Manning argues on appeal that the district court improperly interpreted § 2676 to nullify the jury's verdict on the *Bivens* claim. The FBI agents filed a conditional cross-appeal of the adverse jury verdict, arguing that, in the event that we reversed the district court's ruling on the judgment bar, the agents were entitled to judgment as a matter of law, as well as absolute or qualified immunity. We review questions of law, such as issues of statutory interpretation, *de novo. Samuel C. Johnson 1988 Trust v. Bayfield County, Wis.*, 520 F.3d 822, 828 (7th Cir. 2008).

Our inquiry focuses on the FTCA judgment bar, which provides:

> The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

28 U.S.C. § 2676. Manning concedes that the district court entered a "judgment" on the merits of his FTCA claim. He also does not dispute that the FTCA and *Bivens* claims

were "of the same subject matter," which courts have read to mean "arising out of the same actions, transactions, or occurrences." *See Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 858 (10th Cir. 2005) (citing *Serra v. Pichardo*, 786 F.2d 237, 239-40 (6th Cir. 1986)). Rather, he argues that the judgment bar should not apply to claims raised in the *same* action, and, alternatively, that the judgment bar should not apply retroactively to nullify a *previous Bivens* judgment.

We have had limited occasion to address the interplay between the FTCA judgment bar and claims under *Bivens*. In *Hoosier Bancorp of Indiana, Inc. v. Rasmussen*, 90 F.3d 180 (7th Cir. 1996), a case relied upon by both parties, we determined that § 2676 applied to both favorable and unfavorable judgments on FTCA claims. Following the Ninth Circuit's rationale in *Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994), we observed that "[p]laintiffs contemplating both a *Bivens* claim and an FTCA claim will be encouraged to pursue their claims concurrently in the same action, instead of in separate actions." *Hoosier Bancorp*, 90 F.3d at 185 (internal quotations omitted). We did not, in that case, expressly address either argument raised by Manning here.

### A.  Application of § 2676 to Claims in Same Suit

Manning argues the FTCA judgment bar should not apply to claims brought in the same suit, contending that neither the language of the statute nor the congressional intent allows the construction relied upon by the district

court, and that the construction would contradict Supreme Court and our precedent.

Manning first points to the text of § 2676, which bars other "actions," but not claims within the same action. By stating that "[t]he judgment *in an action* under [the FTCA] shall constitute a complete bar to *any action* by the claimant," Manning posits that § 2676 bars all other "actions"—i.e., other lawsuits—but not claims within the same suit.

We decline to accept the interpretation of § 2676 offered by Manning. Courts must apply a statute as written when the language is plain and unambiguous. *See Dodd v. United States*, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) ("[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)) (internal quotation marks omitted)). Section 2676 provides that an FTCA judgment acts as a bar to "any action." Under the plain meaning of that term, this must be read to include claims brought within the same action, as a claim is necessarily part of an action. Thus when the district court in this case entered a judgment in the FTCA claim, that judgment became a "judgment in an action under" the FTCA which "constitute[d] a complete bar to any action by the claimant," and Manning's *Bivens* claims fell under the ambit of "any action."

The common usage of the term "action" supports this reading, as "action" incorporates all elements of a civil suit,

including the claims within that suit. *See* Black's Law Dictionary 31 (8th ed. 2004) (defining "action" as "[a] civil or criminal judicial proceeding" and equating it with "action at law," defined as a "[a] civil suit stating a legal cause of action and seeking only a legal remedy"); *Gillespie v. Equifax Information Services, L.L.C.*, 484 F.3d 938, 941 (7th Cir. 2007) ("We frequently look to dictionaries to determine the plain meaning of words."). Manning's *Bivens* claims existed as part of a "civil judicial proceeding" at the time that the court entered judgment on the FTCA claim. By acting as a bar to *any* action, § 2676 bars the claims *within* that action. This reading of the meaning of the term "action" also makes sense within the context of the entire statute. Though Congress could have been more explicit in indicating the application of § 2676 to claims in the same suit as the FTCA claim, the choice of broad language—"a *complete* bar to *any* action"—makes clear that the bar was intended to apply to such claims. *See Serra*, 786 F.2d at 239.

Manning's interpretation of § 2676 strains the plain language of the statute by suggesting that the term "action" does not include the claims within that action. A claim is a part of the broader term action, and we do not see how the judgment bar could be read to preclude the whole while preserving its parts. An interpretation that § 2676 was intended to bar only subsequent lawsuits by the same party arising out of the same set of facts does not find adequate support in the text.

No court has interpreted § 2676 in the manner put forth by Manning; to the contrary, courts have consistently

found that an FTCA judgment bars a *Bivens* claim raised in the same suit. *See Harris v. United States*, 422 F.3d 322 (6th Cir. 2005); *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840 (10th Cir. 2005); *Engle v. Mecke*, 24 F.3d 133 (10th Cir. 1994); *Arevalo v. Woods*, 811 F.2d 487 (9th Cir. 1987); *Serra*, 786 F.2d at 241; *see also Clifton v. Miller*, 139 F.3d 901 (7th Cir. 1998) (unpublished opinion); *Ortiz v. Pearson*, 88 F.Supp.2d 151, 167 (S.D.N.Y. 2000). Like these courts, we find that "it is inconsequential that the [*Bivens* and FTCA] claims were tried together in the same suit." *Serra*, 786 F.2d at 241.

Manning complains that to hold that the judgment bar applied in this case would contradict our ruling in *Hoosier Bancorp*, where, Manning argues, we instructed plaintiffs to bring both claims simultaneously in the same lawsuit. Manning overstates our directive. In *Hoosier Bancorp*, we encouraged plaintiffs with claims under *Bivens* and the FTCA to pursue those claims concurrently in the same suit. 90 F.3d at 185. We never stated that plaintiffs with both claims must pursue both claims to judgment in order to recover any damages; more to the point, we never stated that a plaintiff could keep both a *Bivens* and an FTCA judgment, or that the FTCA judgment bar would not apply to actions such as this. Plaintiffs like Manning who choose to pursue both avenues of relief must assume the risk that a *Bivens* judgment would be nullified by § 2676. We will not undo what amounts to the inevitable result of a strategic choice by Manning.

Manning further argues that this result either forecloses *Bivens* or renders it superfluous. The Supreme Court in

*Carlson v. Green* stated that it is "crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." 446 U.S. 14, 19-20, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). Reading the statute to bar claims in the same suit would eviscerate the *Bivens* action against protection of these claims in *Carlson*, according to Manning. We disagree. A plaintiff may still bring both parallel claims as remedies to torts committed by law enforcement officers against the government and the individual officers, and the remedies complement each other. But the idea that a plaintiff may *bring* claims against both the government and the federal officer does not directly implicate whether one may pursue those claims to judgment. Both remedies remain as viable causes of action, but because of the broad language of the judgment bar, plaintiffs must make strategic choices in pursuing the remedies. We do not think it unreasonable to require a plaintiff that moved for judgment on a successful *Bivens* claim to decide whether or not it makes sense to voluntarily withdraw a contemporaneous FTCA claim. *See, e.g.*, *Engle*, 24 F.3d at 134; *Ortiz*, 88 F.Supp.2d at 167. Such a requirement does not run afoul of *Carlson* or *Hoosier Bancorp*.

Manning also relies on the Supreme Court's ruling in *Will v. Hallock*, 546 U.S. 345, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006), arguing that the case supports his reading of § 2676 and supercedes all of the cases cited above. In *Will*, the Court addressed whether a district court's decision to refuse to apply the judgment bar of § 2676 was open to collateral appeal. The Court found that a statutory bar to litigation did not necessarily constitute the kind of

immunity from suit that justifies an interlocutory appeal under the collateral order doctrine. In so doing, the Court observed that the FTCA judgment bar had an "essential procedural element" which set it apart from other forms of immunity; namely, that the judgment bar would not take effect until the after the district court entered an FTCA judgment. This element distinguished it from other forms of immunity from suit (such as qualified immunity), which are timely from the moment the complaint is served, and therefore warrant collateral review. The Court explained:

> If a *Bivens* action alone is brought, there will be no possibility of a judgment bar, nor will there be so long as a *Bivens* action against officials and a Tort Claims Act against the Government are pending simultaneously (as they were for a time here). In the present case, if [the plaintiff] had brought her *Bivens* action and no other, the agents could not possibly have invoked the judgment bar in claiming a right to be free of trial.

*Id.* at 354, 126 S.Ct. 952. This procedural element likens the § 2676 bar to res judicata, the Court noted, which, except in the rare case, did not warrant collateral review. Therefore "[a]lthough the statutory judgment bar is arguably broader than traditional res judicata," like res judicata, the statute does not "protect values so great that only immediate appeal can effectively vindicate them." *Id.* at 354-55, 126 S.Ct. 952.

Manning first extrapolates from this analysis that Congress incorporated principles of res judicata into

§ 2676, which, according to Manning, would indicate an intention that the bar not apply to multiple claims within a single suit. He contends that like the judgment bar, the purpose of res judicata is to avoid multiple lawsuits, a concern which is not implicated when plaintiffs bring all claims in a single action. Manning supports his argument by noting the use of the term "bar," which constitutes a component of res judicata, and the legislative history of § 2676.

Regardless of whether the point has relevance to our inquiry, Congress did not import common law res judicata into § 2676. As to the discussion in *Will*, Manning's argument draws too much from the Court's comparative point. Rather than suggesting that § 2676 imported principles of res judicata, the Court merely observed that the judgment bar was *akin* to res judicata in that a decision based on either did not warrant collateral review. The judgment bar—which is "arguably broader than traditional res judicata"—stands on its own. Additionally, we find little in the use of the term "bar" to support Manning's argument. The use of the term "bar" is not confined to the principle of res judicata; we refer without reference to the principle to statutes of limitation "bars" or jurisdictional "bars." We also find little support for Manning's argument in the legislative history of § 2676. Because § 2676 is not ambiguous, we need not look to the legislative history to determine its meaning. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 568, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). But assuming *arguendo* that the proposed reading is texturally plausible, the legislative history does not alter our view of the best

interpretation of § 2676. The legislative history relied upon by Manning—a statement by the Attorney General before the House Judiciary Committee—neither mentions res judicata nor limits the scope of the judgment bar to exclude cases such as Manning's.

Finally, in his reply brief, Manning culls another argument from the language in *Will*. He contends that according to the portion of the opinion quoted above, the judgment bar "does not apply when FTCA and *Bivens* claims are pending simultaneously." Because his two claims were "pending simultaneously" in the same case, the argument goes, the judgment bar should not apply. That is not the holding of *Will*, and the "pending simultaneously" language from *Will* is taken out of context. In analyzing the "essential procedural element" of § 2676, the Court noted that the judgment bar does not take effect until a judgment is entered. As long as the FTCA claim is "pending"—i.e., not taken to judgment—the bar has no effect. That "procedural" element distinguishes it from qualified immunity, and renders it unfit for collateral review. That discussion has no bearing on the case before us, Manning's efforts to force the language notwithstanding.

## B. Application of § 2676 to Previously Entered Judgments

Manning alternatively argues that even if the judgment bar applies when FTCA and *Bivens* claims are brought in the same action, it should not be read to allow retroactive nullification of a previous *Bivens* judgment.

Again, we begin with the language of the statute, which we find unambigious. Manning argues that the use of the term "bar" precludes only future litigation, not litigation that has previously proceeded to judgment. We disagree. Nothing about the term "bar" on its own indicates a temporal element. The "complete bar" as used in § 2676 is prospective only in that it enters into effect after an entry of judgment in the FTCA claim; but there is nothing in the text restricting that effect to future claims. The common use of the noun "bar" supports this reading. *See* Black's Law Dictionary 157-58 (8th Ed. 2004) (defining "bar" as a "barrier to or the destruction of a legal action or claim"). So too does the remaining text of the statute. Section § 2676 applies to "any action"; "any" means "any," regardless of the sequencing of the judgments.

Few courts have addressed this issue, primarily because in the overwhelming number of cases where FTCA and *Bivens* claims are brought in the same suit, a district court will enter judgment on the FTCA claim either before or simultaneously with the *Bivens* judgment. In *Trentadue*, our sister circuit found that § 2676 applied to retroactively bar a *Bivens* judgment entered prior to a FTCA judgment. 397 F.3d at 859. In that case, as here, the district court tried plaintiffs' FTCA and *Bivens* claims contemporaneously in a bifurcated proceeding. A jury found for the plaintiffs on the *Bivens* claims, and the district court entered a judgment. Several months later, the court entered a judgment on the FTCA claims. The court then dismissed the *Bivens* claims, finding that § 2676 applied. The court found that the sequencing of the judgments was irrelevant to the judgment bar's effect. In doing so, it

relied on the intent of § 2676, which "prevent[s] multiple lawsuits as well as multiple recoveries." *Id.* (citing *Farmer v. Perrill*, 275 F.3d 958, 963 n. 7 (10th Cir. 2001)).

Other courts have approved of the proposition that a judgment on an FTCA claim requires vacatur of an earlier judgment on a *Bivens* claim. *See Engle*, 24 F.3d at 135 ("Had [plaintiff] chosen to seek his redress from the individual law enforcement officer, the jury verdict would have been given full effect. . . . Because, however, he chose to seek redress from the United States government, he had no right to a jury's verdict."); *McCabe v. MacAulay*, 2008 WL 2980013, at *14 (N.D. Iowa August 01, 2008 ) (citing *Trentadue*, 397 F.3d at 859) ("[I]t is 'inconsequential' that the court entered judgment [in the *Bivens* action] before it entered judgment against the United States; the judgment bar may operate retroactively."); *see also Ortiz*, 88 F.Supp.2d at 167 (citing *Engle*, 24 F.3d at 134-36 and *Serra*, 786 F.2d at 241-42) (noting that if a plaintiff brings both claims in the same action, and succeeds on the *Bivens* action first, "[a] decision to then proceed on the FTCA claim might jeopardize any favorable verdict plaintiff received on his *Bivens* claim since . . . a decision and judgment on the FTCA claim is likely to nullify any *Bivens* judgment").

We agree with the reasoning of these cases. The fact that the court entered judgment against the FBI agents before it entered judgment in favor of the United States has no bearing on the application of § 2676.

Manning's reliance on *Kreines v. United States*, 959 F.2d 834 (9th Cir. 1992), is misplaced. There, the plaintiff brought *Bivens* and FTCA claims in the same suit. The jury

found for the plaintiff on the *Bivens* claim, and the court entered a judgment. Three months later, the district court entered a judgment in favor of the United States in the FTCA claim. The court then denied a motion by the defendants of the *Bivens* claim to vacate the judgment against them. The Ninth Circuit affirmed, finding an ambiguity within the plain language of the term "judgment" in § 2676 that allowed an interpretation that Congress intended to distinguish between favorable and unfavorable merits judgments. The judgment bar would apply, according to the *Kreines* court, if an FTCA judgment were in favor of the plaintiff, but not if the judgment were in favor of the government. Accordingly, § 2676 did not apply.

As noted above, we have rejected the underlying reasoning in *Kreines*, and therefore do not attach much significance to its outcome. *Hoosier Bancorp*, 90 F.3d at 185 ("There is no indication that Congress intended Section 2676 to apply only to favorable FTCA judgments."). Other courts have also repudiated the reasoning of *Kreines*. *See Harris*, 422 F.3d at 335; *see also Gasho v. United States*, 39 F.3d 1420, 1437 (9th Cir. 1994) (noting that "the holding in *Kreines* was narrowly confined to its facts"). Thus while Manning may find appealing the result of *Kreines*, the reasoning supporting that result does not avail him.

Many of Manning's remaining arguments are equitable in nature, suggesting that he was blindsided by the court's decision or that he was unwittingly led into a poor strategic choice. The record belies these arguments. During the course of the proceedings below, Manning acknowledged an awareness of the risk that a judgment on the

FTCA claim wold nullify the *Bivens* judgment. In his motion to enter judgment on the jury's verdict on the *Bivens* claim—filed before the entry of the FTCA judgment—Manning noted the possibility that entering judgment might bar his *Bivens* claim, as some courts "believe that judgment on the FTCA claim is 'likely to nullify any *Bivens* judgment.'" As the district court noted, Manning "was aware that by allowing the FTCA claims to proceed to judgment, he risked losing the jury award, by operation of law, once the Court entered judgment on the FTCA claims."

## III.  CONCLUSION

We are not blind to the fact that this interpretation of § 2676 results in a significant reversal of fortune for Manning. Manning condemns this result as "nonsensical"; at least one court has identified such a result as "harsh." *See McCabe*, 2008 WL 2980013, at *15 ("Although such retroactive operation of § 2676 may seem harsh, if not Kafka-esque, Plaintiffs pursued their claims against the United States at their own peril."). But we are bound by the plain language of the judgment bar, which makes no exception for claims brought in the same action, and gives no indication that the sequencing of judgments should control the application of the bar.

Manning's decision to take the FTCA claims to judgment, after he had secured a $6.5 million verdict on the *Bivens* claims, triggered § 2676 and required a vacatur of the *Bivens* judgment. The district court did not err in applying the judgment bar. Because we find that § 2676

applies, we need not reach the conditional cross-appeal. Accordingly, we AFFIRM.