RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0231p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

WALTER J. HIMMELREICH,

*Plaintiff-Appellant,*

*v.*

FEDERAL BUREAU OF PRISONS, et al.,

*Defendants,*

J. FITZGERALD, et al.,

*Defendants-Appellees.*

No. 13-4212

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 4:10-cv-02404—John R. Adams, District Judge.

Decided and Filed: September 9, 2014

Before: COLE, Chief Judge; MOORE and GIBBONS, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Lisa Hammond Johnson, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. Walter Himmelreich, Danbury, Connecticut, pro se.

_____

## OPINION

_____

PER CURIAM. In 2010, Walter J. Himmelreich—a federal prisoner—filed a complaint against numerous defendants, alleging several causes of action. The district court dismissed the complaint for failure to state a claim. On appeal, in Case No. 11-3474, we affirmed the dismissal of the majority of the claims and defendants, but we vacated and remanded two claims for

1

further proceedings: a claim of retaliation in violation of the First Amendment based on Himmelreich's placement in administrative detention for sixty days in 2009, allegedly in retaliation for his filing of a claim under the Federal Tort Claims Act ("FTCA"); and a claim of failure to protect in violation of the Eighth Amendment based on an assault on Himmelreich by another inmate in 2008. On remand, the remaining defendants moved for summary judgment, arguing that Himmelreich had failed to exhaust his administrative remedies on the two claims at issue and that his Eighth Amendment claim was barred because he had elected to file a claim under the FTCA regarding the assault incident. The district court found the defendants' arguments to be valid and granted their motion for summary judgment. Himmelreich now appeals pro se, and we unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a). For the reasons stated below, we conclude that Himmelreich's failure to exhaust his administrative remedies should have been excused and that the FTCA's judgment bar does not apply to this case. Consequently, we once again **VACATE** the district court's judgment and **REMAND** the case for further proceedings consistent with this opinion.

## I.

The Prison Litigation Reform Act ("PLRA"), 110 Stat. 1321–71, 42 U.S.C. § 1997e(a), prevents a prisoner from filing suit "with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court interpreted this language as requiring "proper exhaustion," meaning that a prisoner must "make full use of the prison grievance process" and "compl[y] with the system's critical procedural rules." *Id.* at 93–95. There are few exceptions to this strict rule, but we have excused a prisoner's lack of complete compliance when the improper actions of prison officials render the administrative remedies functionally unavailable. *See generally Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004) (collecting cases).

Himmelreich admits that he did not complete all of the steps in the prison grievance process, but he claims to have been "intimidated by Captain Fitzgerald . . . into not filing any more Administrative Remedies" with regard to his Eighth Amendment claim against the B-Unit Disciplinary Team. R. 47 at 10 (Pl.'s Resp. to Mot. for Summ. J.) (Page ID #278). In determining whether Himmelreich fits within this exception, we must ask whether Captain

Fitzgerald's threats and actions would "deter a person of ordinary firmness from [continuing with the grievance process]." *See Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc) (internal quotation marks omitted); *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002).

Himmelreich alleges that Captain Fitzgerald told him that if Himmelreich continued with his grievances regarding the attack, "[she would] personally see that [Himmelreich was] transferred to a penitentiary and [he would] more than likely be attacked and not just beat up." R. 47 at 7 (Pl.'s Resp. to Mot. for Summ. J.) (Page ID #275). When Himmelreich filed his FTCA lawsuit, he claimed that Captain Fitzgerald followed through with her threats and placed him in the Special Housing Unit ("SHU"). *Id.* at 11 (Page ID #279). Once Himmelreich was put in the SHU, Captain Fitzgerald allegedly yelled, "'You want to know why you're in here? You're in here because of the fuckin' Tort Claim you filed! That's why you're in here!'" R. 1 at 15 (Compl. at ¶ 66) (Page ID #15).

Unlike the vague and conclusory allegations at issue in *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997 (6th Cir. 2004), Himmelreich's claims of intimidation are specific. If Himmelreich's allegations are true, which we must assume at this stage in the litigation, *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011), a reasonable jury could conclude that Captain Fitzgerald's actions and statements would deter a person of ordinary firmness from continuing with the grievance process. Accordingly, we conclude that Himmelreich has demonstrated that a genuine issue of material fact exists as to whether Captain Fitzgerald improperly prevented Himmelreich from exhausting his administrative remedies.

In reaching this conclusion, we reject the government's argument that Himmelreich's filing of other administrative complaints and the FTCA lawsuit near the time that he claims to have been threatened prevents a finding of intimidation. We do not believe that minor complaints related to "requests to watch [the] *Passion of the Christ* movie," R. 45-4 at 2 (Grievance Record) (Page ID #251), and to requests "to make a [weekly] call to [his] parents while in [the] SHU," *id.* at 11 (Page ID #260), are relevant when Captain Fitzgerald purportedly told Himmelreich "that if he didn't stop [with his complaints about the assault] she would ship him to an ADX [higher-security prison], or better yet, to a [penitentiary] where she knows he will get shanked and probably killed," R. 1 at 14 (Compl. at ¶ 59) (Page ID #14). Complaints

and grievances related to petty requests and those related to prison-official misconduct are wholly different, particularly when there are specific allegations in the record that Captain Fitzgerald actually retaliated against Himmelreich for filing grievances and lawsuits related to a specific assault. In our view, this retaliation and intimidation—if proven true—would render the grievance process functionally unavailable for a person of ordinary firmness. Thus, we **VACATE** the district court's grant of summary judgment on the basis of a failure to exhaust.

## II.

The district court also found that the FTCA's judgment bar, 28 U.S.C. § 2676, applied in this case and, for this alternative reason, granted the government summary judgment with respect to Himmelreich's Eighth Amendment claim. Section 2676 states in full: "The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." According to the district court, "[t]he plain language of section 2676 requires that the bar apply to all actions by the Plaintiff, not just judgments on the merits." R. 53 at 6–7 (D. Ct. Op.) (Page ID #436–37) (citing *Manning v. United States*, 546 F.3d 430, 437–38 (7th Cir. 2008)). We disagree.

A careful reading of the record shows that the district court dismissed Himmelreich's FTCA action for a lack of subject-matter jurisdiction. R. 34 at 2–5 (D. Ct. Rule 12(b)(1) Op.) (Page ID #171–74) (Case Number 4:10-cv-307); *see also* R. 31 at 1 (Gov't Rule 12(b)(1) Mot.) (Page ID #136) (Case Number 4:10-cv-307). Specifically, the district court found that the discretionary-function exception applied, which deprived the district court of subject-matter jurisdiction. Therefore, the district court granted the government's Rule 12(b)(1) motion and dismissed the action for a lack of jurisdiction. R. 34 at 2–5 (D. Ct. Rule 12(b)(1) Op.) (Page ID #171–74) (Case Number 4:10-cv-307).

A dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar. Put bluntly, in the absence of jurisdiction, the court lacks the power to enter judgment. *See* 10A Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 3713 (3d ed. 1998) ("If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action."). Because we hold that district courts lack subject-matter

jurisdiction over an FTCA claim when the discretionary-function exception applies, as it did here, *see Kohl v. United States*, 699 F.3d 935, 939–40 (6th Cir. 2012), we do not view the district court's dismissal of Himmelreich's previous action as implicating the FTCA's judgment bar. Accordingly, we conclude that the district court erred in citing the judgment bar as an independent basis for granting summary judgment on Himmelreich's Eighth Amendment claim. *See* R. 53 at 6–7 (D. Ct. Op.) (Page ID #436–37).

In reaching its conclusion, the district court relied upon *Harris v. United States*, 422 F.3d 322 (6th Cir. 2005), and *Manning*, 546 F.3d 430, but it misreads both of these cases. In *Harris*, the plaintiff simultaneously filed *Bivens* and FTCA claims against the United States and government officials. 422 F.3d at 324. The district court "entered a 'judgment' on the merits of [the] FTCA claims," and we concluded that this judgment barred consideration of the plaintiff's *Bivens* claim. *Id.* at 334. Specifically, we held that § 2676 "fails to draw a distinction between a decision for or against the government" and that § 2676 bars a *Bivens* action regardless of which party prevailed on the merits of the FTCA claim. *Id.* at 334–35. Holding that a judgment on the merits, irrespective of who won, triggers the judgment bar is a far cry from holding that any disposition of an FTCA action prevents other suits, a distinction that the *Harris* panel explicitly recognized by citing *Hallock v. Bonner*, 387 F.3d 147, 155 (2d Cir. 2004), *reversed on other grounds sub nom. Will v. Hallock*, 546 U.S. 345 (2006). *See Harris*, 422 F.3d at 335. In *Hallock*, the Second Circuit stated that "an action brought under the FTCA and dismissed for lack of subject matter jurisdiction because it falls within an exception to the restricted waiver of sovereign immunity provided by the FTCA does not result in a 'judgment in an action under section 1346(b) [the Federal Tort Claims Act].'" 387 F.3d at 155 (quoting 28 U.S.C. § 2676).[1] *Harris* described this precise holding in a parenthetical and cited the case approvingly. 422 F.3d at 335.

*Manning* does not hold to the contrary or support the district court's statement that "[t]he plain language of section 2676 requires that the bar apply to all actions by the Plaintiff, not just judgments on the merits." R. 53 at 6–7 (D. Ct. Op.) (Page ID #436–37) (citing *Manning*, 546

---

[1]*See also Pellegrino v. U.S. Transp. Sec. Admin.*, No. 09-5505, 2014 WL 1489939, at *8–9 (E.D. Pa. April 16, 2014); *Saleh v. Wiley*, No. 09-cv-02563-PAB-KLM, 2012 WL 4356224, at *3–4 (D. Colo. June 12, 2012); *Kyei v. Beebe*, No. CV 01-1266-PA, 2005 WL 3050442, at *2 n.3 (D. Or. Nov. 13, 2005).

F.3d at 437–38).    In *Manning*, the plaintiff "concede[d] that the district court entered a 'judgment' on the merits of his FTCA claim" (a fact that we believe renders *Manning* completely irrelevant to this case).  546 F.3d at 433.  Nonetheless, in that case, the plaintiff argued that the judgment bar could not be "appl[ied] retroactively to nullify a *previous Bivens* judgment."  *Id.* The Seventh Circuit disagreed and applied the § 2676 judgment bar retroactively.  *Id.* at 438. Nowhere did the Seventh Circuit hold in *Manning* that a dismissal of an FTCA claim for a lack of subject-matter jurisdiction qualifies as a judgment under § 2676.  In *Williams v. Fleming*, 597 F.3d 820 (7th Cir. 2010), the Seventh Circuit expressly punted on that question, the one before us now, stating:  "[w]e need not address [the] contention [that any dismissal, whether or not on the merits, suffices for application of § 2676] today . . . ."  *Id.* at 822 n.2.

Moreover, the Seventh Circuit's disposition of this question, in particular, is unhelpful. The Seventh Circuit treats the dismissal of an FTCA action due to the application of the discretionary-function exception as a decision on the merits.  *See Collins v. United States*, 564 F.3d 833, 837–38 (7th Cir. 2009).  We have repeatedly taken the opposite view, which is that we lack subject-matter jurisdiction over an FTCA claim if the discretionary-function exception applies in a given case.  *See, e.g., Kohl*, 699 F.3d at 939–40; *Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012) ("[I]t is evident that the discretionary function exception bars subject matter jurisdiction for the [plaintiffs'] claims.").  In other cases, a dismissal for a lack of subject-matter jurisdiction carries no preclusive effect.  *See, e.g., Marrese v. Am. Academy of Orthopaedic Surgeons*, 470 U.S. 373, 382 (1985); *Wilkins v. Jakeway*, 183 F.3d 528, 533 n.6 (6th Cir. 1999); Restatement (Second) of Judgments § 26(1)(c) (1982).  We see no reason to depart from that general rule in this situation.

In *Harris*, we also noted that the purpose of a judgment bar is to prevent the possibility of double recoveries and the cost of defending multiple suits regarding the same conduct for the government.  422 F.3d at 335–36.  It is not punitive in nature.  Holding that a plaintiff's filing of an FTCA action, when that statute does not permit recovery, prevents the plaintiff from alleging the correct cause of action furthers neither of these interests.  Seeing no compelling reason in the text or purpose of § 2676 to conclude that a dismissal for a lack of jurisdiction triggers the

judgment bar, we hold that the district court erred in applying the judgment bar here and **VACATE** its decision accordingly.

## III.

For the forgoing reasons, we **VACATE** the district court's grant of summary judgment and **REMAND** for proceedings consistent with this opinion.