**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0376n.06
Filed: June 26, 2008

**No. 06-2461**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ANDRE LEE COLEMAN-BEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE WESTERN DISTRICT OF** |
| JOSEPH BOUCHARD, et al., | ) | **MICHIGAN** |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

Before: **BATCHELDER** and **SUTTON**, Circuit Judges; **BARZILAY**, Judge.[*]

**BARZILAY, Judge**: Appellant Andre Lee Coleman-Bey, proceeding pro se, appeals the denial of his motion for relief from judgment in a civil rights claim filed pursuant to 42 U.S.C. § 1983. This case was originally referred to the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. After careful review of the evidentiary record and legal memoranda submitted in this case, the court unanimously agrees that oral argument is unnecessary. *See* Fed. R. App. P. 34(a)(2). Because Appellant has failed to allege any unusual or extreme circumstances that would provide grounds for relief under Rule 60(b)(6) of the Federal Rules, the district court's denial of relief from judgment is AFFIRMED.

---

[*] The Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

## I. Background

Appellant, a prisoner at the Baraga Maximum Correctional Facility ("AMF") in Baraga, Michigan, had enrolled in a prison sponsored legal writing program to help him prepare a petition challenging an administrative decision against him that involved a misconduct charge. He claims that Appellees Joseph Bouchard, Darlene Edlund, William Luetzow, and Mary Aho, all employees of AMF, deliberately caused him to miss the court deadline for filing the petition by their inadequate supervision and management of the program. Appellant sought compensatory and punitive damages under § 1983 for violation of his First Amendment right of access to the courts.

Appellees filed a motion for summary judgment, whereupon the presiding magistrate judge issued a report recommending that the motion be granted and notified Appellant that he had ten days to file objections. Appellant timely moved for a thirty-day extension, claiming that he was currently in administrative segregation and therefore unable to prepare his objections. The magistrate judge denied his request without comment. On March 9, 2006, the district court adopted the magistrate judge's report and recommendation, thereby dismissing Appellant's complaint. The district court did not consider Appellant's belated objections to the report, prompting his motion for relief from judgment for "any other reason that justifies relief" pursuant to Rule 60(b)(6). Fed. R. Civ. P. 60(b)(6). He claimed that the magistrate judge abused his discretion in denying his request for extension without comment, and again stated his objections to the magistrate judge's report. It is from the denial of this motion that Plaintiff now appeals. Because Appellant failed to move for relief from judgment within ten days of the dismissal of his case by the district court, the underlying judgment is not subject to review. *See Johnson v.*

*Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004). Therefore, the only issue before this court is the district court's denial of Appellant's Rule 60(b) motion.

## II. Discussion

### A. Standard of Review

This court reviews denials of Rule 60(b) motions for abuse of discretion. *See Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006), *cert. denied*, 127 S. Ct. 255 (2006); *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003). A trial court has abused its discretion if the reviewing court is of "firm conviction that the trial court committed a clear error of judgment." *Burrell*, 434 F.3d at 831 (quotations & citation omitted). There is abuse of discretion "where the district court fails to consider relevant facts upon which the exercise of its discretionary judgment is based." *Id*. (quotations and citation omitted). Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), the court's power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id*. (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief." *Id*. (quotations and citation omitted) (emphasis in original).

### B. Request for Relief from Judgment

Appellant has failed to demonstrate the existence of any extreme, unusual or extraordinary circumstances in this case that justifies reexamining the merits of his underlying

claim. In some circumstances, the failure to grant a request for an extension of time may warrant relief from judgment under Rule 60(b), however, the objections in such a case must have sufficient merit that the court's consideration creates some possibility of a contrary outcome. *See Williams*, 346 F.3d at 614. As the district court observed, ten days provided adequate time to file objections to the report since those objections had to be based on evidence that was already before the court. Moreover, Appellant's objections merely restate his First Amendment claim, which was rejected for the reasons stated in the magistrate judge's report and recommendation. *See Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001) ("[A] district court does not abuse its discretion when it denies post-judgment relief to a party raising the same issues and arguments post-judgment as those rejected by the district court in its prior (final) judgment."). What is more, even assuming that Appellant had a constitutional right of access to the courts to file his petition, *see Lewis v. Casey*, 518 U.S. 343, 354 (1996), and that the State failed to provide him with a legal assistant–points we need not decide–his claim still fails. "Our own court, like other courts of appeals, has always understood the Supreme Court to have meant what it said in holding that prisoners must be provided adequate law libraries '*or*' adequate assistance from persons with legal training"–not both. *Knop v. Johnson*, 977 F.2d 996, 1003 n.5 (6th Cir. 1992) (emphasis added); *see also Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (per curiam) ("[A] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with *either* the legal tools necessary to defend himself, e.g., a state-provided law library, *or* the assistance of legally-trained personnel.") (emphasis added). Appellant–who is literate and who, according to the magistrate judge, "has proven to be articulate and very capable of communicating to the court," JA 80–does not contend that he was denied access to the

prison's law library or to necessary legal materials or that the library was inadequate. The record indeed refutes any such notion. Thus, as the magistrate judge and the district court accurately concluded, Appellant "has not established actual prejudice, nor has [he] shown that defendants were responsible for the failure to file his petition." *Id.*

### III. Conclusion

The judgment of the district court denying relief from judgment under Rule 60(b)(6) and dismissing Appellant's complaint is AFFIRMED.