RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0184p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────

JAMES KING,

                              *Plaintiff-Appellant*,

                                                                    No. 24-1900

         *v.*

UNITED STATES OF AMERICA; DOUGLAS BROWNBACK;
TODD ALLEN,

                              *Defendants-Appellees*.

─────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:16-cv-00343—Jane M. Beckering, District Judge.

Decided and Filed:  July 10, 2025

Before:  BOGGS, CLAY, and ROGERS, Circuit Judges.

─────────────

### COUNSEL

**ON BRIEF:**  Patrick Jaicomo, Keith Neely, Anna Bidwell, INSTITUTE FOR JUSTICE,
Arlington, Virginia, D. Andrew Portinga, MILLER JOHNSON, Grand Rapids, Michigan, for
Appellant.  Nicole Mazzocco, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids,
Michigan, for Appellees.

        ROGERS, J., delivered the opinion of the court in which BOGGS, J., concurred.  CLAY,
J. (pp. 11–18), delivered a separate dissenting opinion.

─────────────

### OPINION

─────────────

        ROGERS, Circuit Judge.  This case involves alleged physical abuse of Plaintiff James
King by United States officials.  King sued the United States under the Federal Tort Claims Act

(FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and in the same lawsuit sued the individual government employees under the private cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court granted summary judgment to the defendants on both claims, but King appealed only the *Bivens* claim, so the FTCA judgment became final. In the *Bivens* litigation on appeal, *King v. United States* (*King I*), 917 F.3d 409 (6th Cir. 2019), *rev'd*, *Brownback v. King*, 592 U.S. 209 (2021), the individual defendants relied in part on the "judgment bar" of 28 U.S.C. § 2676, which provides that a judgment under FTCA § 1346(b) "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim," 28 U.S.C. § 2676. The question arose whether the bar applies when an adverse FTCA judgment (like the one in this case) was based on failure to meet the requirements of 28 U.S.C. § 1346, which sets forth the requirements for recovery under the FTCA, as contrasted to an adverse FTCA judgment based on an exception in 28 U.S.C. § 2680 to the overall scope of the FTCA. The issue was ultimately resolved squarely in favor of the Defendants by a unanimous decision of the Supreme Court, reversing a split decision by our court in favor of King on that issue. *Brownback*, 592 U.S. at 211.

Having lost on the judgment-bar issue, King then filed a Rule 60(b) motion in the district court to reopen the FTCA judgment, so that he could retroactively withdraw his FTCA claim, and thereby avoid the judgment bar after all. The district court denied this relief, and King appeals. The district court properly denied the motion, however, because King's asserted basis for reopening amounted to "a straightforward claim of either attorney error or strategic miscalculation," neither of which, the district court correctly reasoned, is a valid basis for a reopening under Rule 60. *King v. United States*, 2024 WL 4609079, at *6 (W.D. Mich. Sept. 16, 2024).

I.

The facts of this case, as well as the proceedings that preceded the Rule 60 motion, have been accurately summarized in the court's opinion below, *id.* at *1–3, and we present the district court's factual statement here verbatim in the remaining paragraphs of this section, with only

some bracketed, minor edits mainly reflecting that this is an appellate rather than a district court opinion.  These facts and proceedings have not been subject to substantial dispute on this appeal.

Plaintiff brought his claims in this case against the United States; Douglas Brownback, an agent with the Federal Bureau of Investigation (FBI); Todd Allen, a detective with the Grand Rapids Police Department (GRPD); and Connie Morris, a GRPD officer.  Agent Brownback and Detective Allen were members of a joint federal-state fugitive task force investigating a felony home invasion in West Michigan.  They had a Michigan warrant for the arrest of a fugitive.  Plaintiff's claims arose from his violent encounter with Defendants Brownback and Allen more than a decade ago in July 2014 when he was misidentified as the wanted fugitive.  Plaintiff filed his original Complaint in April 2016 and filed an Amended Complaint in August 2016.  In lieu of filing an answer to Plaintiff's Amended Complaint, Defendants filed a "Motion to Dismiss, or, Alternatively, for Summary Judgment."

[The district court] granted Defendants' motion.  Regarding the *Bivens* claims, [the court] rejected each alleged constitutional violation, determining that, judged from the perspective of a reasonable officer, the officers did not violate Plaintiff's "right to be free from an unreasonable search and seizure," and their use of force was reasonable under the circumstances, particularly in light of Plaintiff's admitted active resistance.  [The district court] rejected Plaintiff's malicious-prosecution claim because his allegations were "so non-specific as to make it impossible to discern the basis for [his] claim."

Regarding Plaintiff's FTCA claims, [the district court] determined that the parties' undisputed facts supported the finding that the United States was entitled to governmental immunity under state law.  Next, the [district court] determined that Plaintiff failed to plausibly establish any of the alleged state-law torts.  Specifically, the [district court] held that Plaintiff's claims for assault and battery should be dismissed because the officers had "used reasonable force in subduing [him]"; Plaintiff's false-imprisonment, false-arrest, and malicious-prosecution claims should be dismissed because "probable cause existed" to arrest and charge him; and his intentional-infliction-of-emotional-distress claim should be dismissed because the officers had "acted within their authority."  Hence, [the district court] concluded that Michigan law barred Plaintiff's FTCA claims, either on governmental immunity grounds or for failure to state a claim.

Having resolved all pending claims, [the district court] entered a Judgment on the merits "in favor of Defendants and against Plaintiff," dismissing his case on August 24, 2017.

Plaintiff appealed the case to [our court]. The parties stipulated to dismiss Officer Morris. Plaintiff did not challenge the dismissal of his malicious-prosecution claim, and he expressly stated that he had "decided not to pursue his [FTCA] claim against the United States on appeal." Therefore, Plaintiff's issues on appeal were limited to his individual-capacity claims against Agent Brownback and Detective Allen for unlawful search and seizure and the use of excessive force. Defendants argued that these individual-capacity claims should be dismissed under the FTCA's judgment bar because the facts underlying his claims against the officers were the same facts underlying his FTCA claims against the United States, and [the district court] had entered a Judgment for the United States on the merits.

[Over a dissent, we reversed and] disagreed with Defendants. According to the majority in the February 25, 2019[,] decision, [the district court's] dismissal of Plaintiff's FTCA claims did not trigger the judgment bar to preclude Plaintiff's *Bivens* claims because the dismissal of the FTCA claims was not on "the merits" but "for lack of subject-matter jurisdiction." [Our panel] proceeded to address the *Bivens* claims and reversed [the district court's] decision that Agent Brownback and Detective Allen were entitled to qualified immunity.

The Supreme Court unanimously reversed. On February 25, 2021, the Supreme Court held that [the district court's] "order was a judgment on the merits of the FTCA claims that can trigger the judgment bar." *Brownback*, 592 U.S. at 219. Indeed, the Supreme Court held that [the district court's] decision had hinged on a "quintessential merits decision: whether the undisputed facts established all the elements of [Plaintiff's] FTCA claims." *Id.* at 216. The Supreme Court indicated that [the district court] had determined both (1) that Plaintiff had not established that the Government employees would be liable under state law, an element of his FTCA claims, by application of Michigan immunity law; and (2) that Plaintiff's FTCA claims failed under Federal Rule of Civil Procedure 12(b)(6) for reasons of "substantive law." *Id.* at 216–17. The Supreme Court opined that "[b]ecause a federal court always has jurisdiction to determine its own jurisdiction, a federal court can decide an element of an FTCA claim on the merits if that element is also jurisdictional, [and] the District Court did just that with its Rule

12(b)(6) decision." *Id.* at 218–19 (internal quotation marks and citation omitted). The Supreme Court rejected the Sixth Circuit's reasoning, pointing out that "in the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional." *Id.* at 217.

In a footnote, the Supreme Court acknowledged that Plaintiff argued for the first time that the judgment bar does not apply to *Bivens* claims brought in the same lawsuit as FTCA claims but is limited to *Bivens* claims brought in a separate lawsuit. *Id.* at 215 n.4. The Supreme Court declined to address that question, instead "leav[ing] it to the Sixth Circuit to address [Plaintiff's] alternative arguments on remand." *Id.* Justice Sotomayor wrote a separate concurring opinion to emphasize that Plaintiff's alternative argument (and the counterarguments) merited "closer consideration." *Id.* at 219–23.

On remand, [the Sixth Circuit] held that the judgment bar applied to *Bivens* claims brought in the same suit as FTCA claims, [relying on earlier Sixth Circuit precedent that] had "squarely" held that "the FTCA judgment bar applies to other claims brought in the same action, including claims brought under *Bivens.*" *King v. United States* (*King II*), 49 F.4th 991, 992–93 (6th Cir. 2022). On December 19, 2022, the Sixth Circuit denied Plaintiff's petition for rehearing en banc. *King v. United States*, 2022 WL 18431484 (6th Cir. Dec. 19, 2022). Plaintiff petitioned the Supreme Court for certiorari, which was denied on October 30, 2023. *King v. Brownback*, 144 S. Ct. 10 (2023).

II.

A month later, on November 29, 2023, Plaintiff filed the Rule 60(b) motion at issue in this case. King's motion sought to amend his complaint and "remove his [FTCA] claims . . . and proceed with his constitutional claims," based on the ground that his allegedly meritorious constitutional claims had been "stymied by a bizarre technicality resulting in a new jurisdictional rule the Supreme Court announced *in this case*."

In denying the motion, the district court relied upon Sixth Circuit precedent that emphasizes the stringent limits on a district court's power to reopen a final judgment, driven by public policy favoring the finality of judgments, and inferable from the structure of Rule 60(b). *Id.* at *3–4 (citing *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 421 (6th Cir. 2008); *Blue*

*Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001); *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002); *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007)). The court first determined that King's Rule 60(b) motion fell under Rule 60(b)(1), as based on "mistake, inadvertence, surprise or excusable neglect," and thus was precluded by the long-past one-year time limit for Rule 60(b)(1), as provided by Rule 60(c)(1). *Id.* at \*3–5 (quoting FED. R. CIV. P. 60(b)(1)). In the alternative, the district court held that King had not sought reopening within the "reasonable" time limit that applies to reopening under the residual Rule 60(b)(6), which permits reopening for "any other reason that justifies relief." *Id.* (quoting FED. R. CIV. P. 60(b)(6)).

Finally, the district court ruled that even if it assumed that King's reopening motion was filed within a "reasonable" time, King's grounds for reopening were insufficient because, under our holding in *McCurry*, "the uniform decisions of this and other circuits establish that [Rule 60(b)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous." *Id.* at \*6 (quoting *McCurry*, 298 F.3d at 595). The district court reasoned that King's Rule 60(b) motion was based on "a straightforward claim of either attorney error or strategic miscalculation, to wit: Plaintiff decided not to appeal his FTCA claims based on his belief, mistaken or strategic, that the judgment bar would not preclude his *Bivens* claims after the judgment on his FTCA claims became final," and that such "[a]ttorney error and strategic miscalculation simply do not provide proper bases for post-Judgment relief." *Id.*

## III.

The district court's denial of the Rule 60 motion was not an abuse of discretion. Under the district court's forcefully stated reasoning, attorney error or strategic miscalculation is not a sufficient basis for reopening a final judgment under that Rule. This is sufficient for affirmance, without addressing the district court's alternative timeliness rulings. The Plaintiff agrees that the proper scope of review is the deferential one of whether the district court abused its discretion. Appellant's Br. at 13. Further, we need not reach the Defendants' alternative argument in this appeal that recent cases underscoring the limited scope of *Bivens* liability preclude *Bivens*

liability in this case.  Appellees' Br. at 44–64 (citing *Ziglar v. Abbasi*, 582 U.S. 120 (2017); *Elhady v. Unidentified CBP Agents*, 18 F.4th 880 (6th Cir. 2021); *Egbert v. Boule*, 596 U.S. 482 (2022)).

Rule 60(b) allows a district court to vacate a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged[,] it is based on an earlier judgment that has been reversed or vacated[,] or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief" from the operation of the judgment.  FED. R. CIV. P. 60(b).

We have repeatedly recognized that "[r]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation,'" and that "[t]his is especially true in an application of subsection (6) of Rule 60(b), which applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'"  *Ford Motor Co.*, 487 F.3d at 468 (quoting *Blue Diamond Coal Co.*, 249 F.3d at 524).  Moreover, "[i]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief."  *Blue Diamond Coal Co.*, 249 F.3d at 524 (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628–29 (7th Cir. 1997); *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 (2d Cir. 1986); *Berryhill v. United States*, 199 F.2d 217, 219 (6th Cir. 1952)).

In holding that King's Rule 60(b) motion lacks merit, the district court properly and compellingly relied squarely on our decision in *McCurry*.  *King*, 2024 WL 4609079, at *5–7. We held in that case that claims of attorney error and even attorney malpractice, including strategic miscalculation or counsel's misinterpretation, do not warrant an award of relief under Rule 60(b)(1), *McCurry*, 298 F.3d at 593–95, and that this reasoning also forecloses relief under Rule 60(b)(6):

Given the precise fit between the circumstances presented here and those addressed in Rule 60(b)(1), and given our conclusion that subsection (b)(1) affords no basis for relief from the District Court's order of dismissal in this case, it clearly would be inappropriate to invoke subsection (b)(6) to grant relief that is foreclosed under subsection (b)(1). We have observed that these two clauses are mutually exclusive, with relief available under subsection (b)(6) only in the event that none of the grounds set forth in clauses (b)(1) through (b)(5) are applicable. *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 366 (6th Cir. 1990). Were it otherwise, our decisions involving the first five clauses of Rule 60(b)— *FHC Equities*, for example—would lose much of their force, as a party who failed to meet the prerequisites for relief under one of these provisions could simply appeal to the "catchall" of subsection (b)(6).

Certainly, no such rule of recourse can be gleaned from our precedents. To the contrary, we have repeatedly emphasized that Rule 60(b)(6) applies only in exceptional and extraordinary circumstances. The grounds for relief identified in this case, involving straightforward claims of attorney error and strategic miscalculation, do not satisfy this rigorous standard. Consequently, we find that the District Court abused its discretion in granting relief from its order of dismissal under Rule 60(b)(6).

*Id.* at 596.

In arguing for his motion before the district court, Plaintiff argued that "[w]hen judgment entered [against King on August 24, 2017], well-established Supreme Court and Sixth Circuit precedent confirmed the dismissal of King's FTCA claims was jurisdictional," relying on our (since reversed) decision in this case, *King I*, 917 F.3d 409. Plaintiff argued further, that "[c]rucially, this precedent [i.e., *King I*] guaranteed that the FTCA's judgment bar could not preclude King's constitutional claims." *Id.* Plaintiff relied on one other precedent, *Himmelreich v. Federal Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014), *aff'd sub nom. Simmons v. Himmelreich*, 578 U.S. 621 (2016).

This is the crux of King's argument to the district court below and in this court. In short, King argues that prior to the Supreme Court's decision in this case, it was clearly established and well settled (not just arguable) that an adverse judgment for failure to meet the cause-of-action requirement of the FTCA in 28 U.S.C. § 1346(b)(1) does not trigger the judgment bar.

A fundamental difficulty with King's argument is that the premise is wrong. There was no clearly established and well-settled law (as opposed to fairly arguable law) with respect to

cases like this one that would permit disregard of the judgment bar when a plaintiff has failed in one way or another to meet the requirements of 28 U.S.C. § 1346(b).  To be sure, there are cases in which the statutory language makes clear that the application of a 28 U.S.C. § 2680 exception to FTCA liability, such as the discretionary-function exception contained in 28 U.S.C. § 2680(a), does not trigger the judgment bar.  But as the Defendants argued in response to the motion below, and before us, there was no settled law in the circuits or in the Supreme Court to the effect that an FTCA dismissal on 28 U.S.C. § 1346(b) grounds (as opposed to under the FTCA exceptions in 28 U.S.C. § 2680) precluded application of the judgment bar.

Despite King's insistence that the law was settled to that effect, nothing in the Supreme Court's unanimous opinion flatly rejecting that position in our case even hinted that the Court was overruling any of its caselaw, or even abrogating any lower-court holding other than the one below it in this case.  Besides our case, there was no direct support for the contention that a judgment relying on failure to meet the 28 U.S.C. § 1346(b)(1) elements is not subject to the judgment bar.

The strongest possible support for the idea that such a principle was a settled and clearly established principle is some language in our decision in *Himmelreich*, 766 F.3d 576.  But *Himmelreich* involved the 28 U.S.C. § 2680(a) "discretionary function" exception to the whole FTCA scheme and thus did not present the issue of whether a failure to meet the elements of 28 U.S.C. § 1346(b)(1) of the FTCA triggers the final-judgment bar.  *Id.* at 578–79.  Thus, although there was indeed some broad language in our decision in *Himmelreich* that "[a] dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar," the two immediately preceding sentences provided the crucial context that "the district court found that the discretionary-function exception applied, which deprived the district court of subject-matter jurisdiction[,] . . . . and dismissed the action for a lack of a jurisdiction."  *Id.  Himmelreich* involved the discretionary-function exception, and thus any application of that broad language to the § 1346(b)(1) elements was in a sense dictum.

Indeed, the Supreme Court emphasized the limited scope of its decision when it affirmed our *Himmelreich* ruling, specifically distinguishing hypothetical cases that would presumably still trigger the judgment bar: "[i]f the [d]istrict [c]ourt in this case had issued a judgment

dismissing Himmelreich's first suit because the prison employees were not negligent, because Himmelreich was not harmed, or because Himmelreich simply failed to prove his claim, it would make little sense to give Himmelreich a second bite at the money-damages apple by allowing suit against the employees: Himmelreich's first suit would have given him a fair chance to recover damages for his beating." *Simmons*, 578 U.S. at 629–30. All of these examples are clearly indistinguishable from the judgment dismissing King's FTCA claim in this case.

Thus, although our opinion in *Himmelreich* included some language that facially provides some support for not applying the judgment bar where the judgment relied on the lack of an element of 28 U.S.C. § 1346(1) (such as King's case), *Himmelreich* was not enough to settle or clearly establish such a principle. Moreover, such a conclusion would be seriously counterintuitive, since it would effectively gut the judgment bar by not applying it to any conceivable substantive ruling in an FTCA case.

There is moreover no fundamental unfairness with that result in this case. There were two ways for King to proceed on the facts of this case: an FTCA claim based on state law with a possibility of losing on state-law governmental immunity, and a *Bivens* constitutional claim with the possibility of loss on federal qualified immunity. If he had won on the FTCA/state-law claim, he presumably would have taken the money. Having litigated and lost on the FTCA/state-law claim, King wants to litigate under *Bivens*. The policy underlying the judgment bar denies such "a second bite at the money-damages apple." *Id.* Even if King could be found to have reasonably misread the law to permit two bites in this case, denying him two bites is consistent with the policy underlying the judgment bar.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.

—————————

**DISSENT**

—————————

CLAY, Circuit Judge, dissenting.  Plaintiff James King was attacked and brutally beaten by federal officers who saw him on the street and mistook him for another individual.  After being hospitalized for his injuries, King raised several state law tort claims against the United States under 28 U.S.C. § 1346(b)(1) of the Federal Tort Claims Act (FTCA), as well as constitutional law claims against the officers pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  After the district court dismissed his FTCA claims for a lack of subject matter jurisdiction, King chose to appeal his *Bivens* claims and waive his FTCA claims, unaware that an intervening decision by the Supreme Court, *Brownback v. King*, 592 U.S. 209 (2021), would retroactively bar his *Bivens* claims under the FTCA judgment bar.  28 U.S.C. § 2676.  In an attempt to amend his complaint and revive his separate *Bivens* claims, King filed a Rule 60(b)(6) motion for relief from the district court's judgment, which the district court denied.  Under the Federal Rules of Civil Procedure, Rule 60(b)(6) is a procedural device designed to provide relief in exactly the kind of unjust circumstances that occurred in connection with King's appeal.  I therefore respectfully dissent.

## I.  BACKGROUND

The facts and procedural history of this case have been adequately summarized in the district court's opinion, *King v. United States*, No. 1:16-cv-343, 2024 WL 4609079 (W.D. Mich. Sept. 16, 2024), as well as this Court's prior opinion.  *King v. United States*, 917 F.3d 409 (6th Cir. 2019), *rev'd*, *Brownback v. King*, 592 U.S. 209 (2021).  For ease of reference, an abbreviated recitation of that history is provided below.

On July 18, 2014, while lawfully walking to his place of employment in Grand Rapids, Michigan, Plaintiff James King was spotted by two plain-clothed federal officers, Detective Todd Allen and FBI Agent Douglas Brownback ("Defendants").  Unbeknownst to King, Defendants were members of an FBI task force who were searching for a fugitive named Aaron Davison, a young, white male who wore glasses and was between 5'10" and 6'3" tall.  Defendants

determined that King fit this general description and proceeded to question him and ask for his identification. King initially complied, but the encounter escalated after Detective Allen removed King's wallet and King asked, "Are you mugging me?" Joint Statement of Material Facts, R. 79, Page ID #732. King then attempted to run away, but Defendants tackled him to the ground while King screamed for help. Detective Allen put King in a chokehold, and King managed to bite Allen's arm that was tightened around his neck. Allen then began punching King in the head and face "as hard as [he] could, as fast as [he] could, and as many times as [he] could." *Id.* King continued to scream for help as various bystanders phoned the police, and eventually other police officers were dispatched to the scene. Plaintiff King was transported to the hospital emergency room for his injuries and discharged with prescription painkillers. He then spent the weekend in jail but was later acquitted of all charges related to the incident.

King initiated this cause of action on April 4, 2016, against Defendants Brownback and Allen,[1] alleging state law tort claims under the FTCA and constitutional claims under *Bivens*. On August 24, 2017, the district court granted qualified immunity to Defendants on King's *Bivens* claims and dismissed his FTCA claims for a lack of subject matter jurisdiction. *King v. United States*, No. 1:16-cv-343, 2017 WL 6508182 (6th Cir. Aug. 24, 2017). King then decided to narrow the scope of issues on appeal by waiving his FTCA claims and focusing exclusively on his *Bivens* claims. As a result of King's waiver of his FTCA claims, Defendants argued that King's *Bivens* claims were precluded by the FTCA "judgment bar," a provision prohibiting "any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676.

This Court reversed the district court's grant of qualified immunity for Defendants and remanded for further proceedings. *King*, 917 F.3d at 434. We held that King's dismissal of his FTCA claims did not trigger the judgment bar against his *Bivens* claims since the district court dismissed his FTCA claims for a lack of subject matter jurisdiction. *Id.* We reasoned that, "[b]ecause the district court did not reach the merits of [King's] FTCA claim, the FTCA's judgment bar does not preclude [him] from pursuing his [constitutional] claims against Defendants." *Id.* However, before King's case could proceed on remand, Defendants

---

[1]Officer Connie Morris was originally a Defendant in this action, but the parties stipulated to her dismissal.

successfully sought certiorari from the Supreme Court.  *Brownback* reversed this Court's prior ruling and forged a new interpretation of the FTCA judgment bar, holding that despite the absence of subject matter jurisdiction, "the District Court's order was a judgment on the merits of [King's] FTCA claims that can trigger the judgment bar." 592 U.S. at 209.  In her concurring opinion, Justice Sotomayor noted that the issue was "seemingly unfair," and "merit[ed] far closer consideration than it has thus far received." *Id.* at 219–23 (Sotomayor, J., concurring).

The Supreme Court then remanded the case back to this Court to determine whether the judgment bar applied to King's *Bivens* claims.  *Id.* at 215 n.4.  On remand, a divided panel of this Court affirmed the district court's dismissal of King's *Bivens* claims on account of the FTCA judgment bar.  *King v. United States*, 49 F.4th 991 (6th Cir. 2022).  I completely disagreed with the majority's decision to prevent King from litigating his *Bivens* claims, due to the dismissal of his entirely separate FTCA claims, thereby shielding Defendants from all civil liability for their actions.  *See* 49 F.4th at 994–1000 (Clay, J., dissenting).

King's subsequent attempts to revive his *Bivens* claims were also unsuccessful.  The Supreme Court denied King's petition for a writ of certiorari on October 30, 2023, *King v. Brownback*, 144 S. Ct. 10 (2023), although Justice Sotomayor observed the unfairness that King could not "litigate his claims that officers unconstitutionally stopped, searched, assaulted, and hospitalized him," "solely because he brought them together with his FTCA claim, which was dismissed for unrelated reasons." *Id.* at 11 (Sotomayor, J., respecting the denial of certiorari).

King then filed a Rule 60(b)(6) motion for relief from the district court's 2017 judgment, hoping to amend his complaint and strike his FTCA claims.  The district court denied his request, construing his Rule 60(b)(6) motion as actually falling under Rule 60(b)(1), and being "a straightforward claim of either attorney error or strategic miscalculation," as well as untimely filed.  Order, R. 135, Page ID #1438.  King now appeals the district court's denial of his Rule 60(b)(6) motion, in one last attempt to pursue his *Bivens* claims against the officers who attacked him.

## II. DISCUSSION

We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Windsor v. U.S. Dep't of Justice*, 740 F.2d 6, 7 (6th Cir. 1984). King argues that, when he elected to waive his FTCA claims on appeal, "he relied on well-settled procedural law" that "the district court's dismissal of those claims was jurisdictional and could not trigger the FTCA's judgment bar" against his separate *Bivens* claims. Appellant Br., ECF No. 21, 12. Now that *Brownback* has upended this rule, 592 U.S. at 219, King seeks relief from the district court's 2017 dismissal of his claims, under Rule 60(b)(6), to allow him the fair opportunity to litigate his constitutional claims against Defendants. Finding that justice demands this result, I would reverse the district court's denial of King's Rule 60(b)(6) motion.

Rule 60(b) affords relief in the express situations listed in subsections (1) through (5), as outlined by the majority, or in the alternative, under subsection (6), for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). This "catchall provision" under subsection (6) "provides for relief from a final judgment for any reason justifying relief not captured in the other [five] provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014). Due to the provision's broad language, "[t]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Id.* at 554. While "any . . . reason" may justify relief, Fed. R. Civ. P. 60(b)(6), it is generally limited to "exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)]," *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)), and crucially, when "principles of equity mandate relief." *Henness*, 766 F.3d at 553–54. In the instant case, the district court abused its discretion by failing to carefully balance those facts, and the majority has likewise prevented King from availing himself of the justice system.

A proper balancing shows that the parties' interest in finality does not outweigh King's substantial interest in litigating his *Bivens* claims fully and vigorously, especially given the Supreme Court's change in decisional law while his appeal was ongoing. *See Brownback*, 592

U.S. at 218. In *Stokes v. Williams*, we considered that "a change in decisional law might, in some circumstances, merit [Rule 60(b)(6)] relief." 475 F.3d 732, 736 (6th Cir. 2007) (citing *Blue Diamond Coal Co.*, 249 F.3d at 524). This is especially true when the change in decisional law is "coupled with some other special circumstance." *Blue Diamond Coal Co.*, 249 F.3d at 524; *see also Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580–81 (6th Cir. 1985) (reversing the district court's denial of a Rule 60(b)(6) motion when the judgment was not final). With respect to King, Rule 60(b)(6) relief may be fitting, and is certainly not foreclosed, in situations where "a dispositive change in decisional law occurs while a timely appeal is still pending." *Blue Diamond Coal Co.*, 249 F.3d at 528 (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748 n.6 (5th Cir. 1995)).

In the present matter, the Supreme Court decided *Brownback* on February 25, 2021, in the midst of King's appeal process, after he had already waived his FTCA claims. The ruinous effect of *Brownback* was to trigger the FTCA's judgment bar on King's *separate* constitutional claims that were still pending on appeal, subverting previously established law and leaving King with no legal recourse against the federal officers who brutalized him. *See id.* at 219. The majority thus overlooks the Supreme Court's timing in deciding *Brownback* as part of King's ongoing appeal, which is but one "'extraordinary circumstance' meriting Rule 60(b)(6) relief." *Blue Diamond Coal Co.*, 249 F.3d at 524 (citing *Agostini v. Felton*, 521 U.S. 203, 239 (1997)).

Further, *Brownback*'s ruling was not foreseeable such that King could have reasonably predicted that waiving his FTCA claims would later prove fatal to his separate *Bivens* claims. At the time of King's appeal, it was well-established that the FTCA's judgment bar did not apply to his *Bivens* claims since his FTCA claims were dismissed for a lack of subject matter jurisdiction. *King*, 917 F.3d at 419, *rev'd*, *Brownback*, 592 U.S. at 219; *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 579 (6th Cir. 2014) ("A dismissal for lack of subject-matter jurisdiction does not trigger the § 2676 judgment bar. Put bluntly, in the absence of jurisdiction, the court lacks the power to enter judgment."). This means that it was perfectly logical for King to narrow the scope of his appeal by waiving his FTCA claims to focus on his *Bivens* claims, which at the time were incontrovertibly safe from the judgment bar. *See King*, 917 F.3d at 418–21, *rev'd*, *Brownback*, 592 U.S. at 219.

The majority misreads King's actions on appeal as "attorney error or strategic miscalculation," Majority Op. at 6, which diminishes the effect of *Brownback*. Even the Supreme Court acknowledged the novelty of its decision, noting that, "[o]rdinarily, a court cannot issue a ruling on the merits 'when it has no jurisdiction' because 'to do so is, by very definition, for a court to act ultra vires.'" 592 U.S. at 218 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 101–02 (1998)). Yet, the Supreme Court held that in certain cases, "a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits that triggers the judgment bar." *Brownback*, 592 U.S. at 218. This ruling tanked King's separate *Bivens* claims. And now, by affirming the district court's denial of King's Rule 60(b)(6) motion, the majority has effectively punished King for failing to predict that the Supreme Court would "upend this Court's longstanding interpretation of the judgment bar" in the midst of his appeal. Appellant Br., ECF No. 21, 32.

The Ninth Circuit confronted a similar case of intervening law in *Henson v. Fidelity National Financial*. 943 F.3d 434 (9th Cir. 2019). By way of background, the plaintiffs in *Henson* attempted to bring a class action suit over alleged violations of federal mortgage law, but the district court denied their motion for class certification. *Id.* at 440. Settled law in the Ninth Circuit established that the plaintiffs could obtain immediate appellate review of the order denying class certification if they dismissed any active claims with prejudice. *Id.* Relying on this settled law, the plaintiffs proceeded to dismiss their claims on appeal; however, the Supreme Court's ruling in *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017), reversed the Ninth Circuit's rule "that a stipulated voluntary dismissal of a class action" could create appellate jurisdiction to review an order denying class certification. *Id.* at 442. Due to this unfavorable, intervening change in the law, the plaintiffs sought relief from the judgment under Rule 60(b)(6). *Id.* at 442–43.

The Ninth Circuit explained that assessing a Rule 60(b)(6) motion "predicated on an intervening change in the law" involves "evaluat[ing] the circumstances surrounding the specific motion before the court." *Id.* at 444 (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1133 (9th Cir. 2009)). After balancing several factors, such as the parties' interest in finality as well as equitable concerns, the Ninth Circuit determined that the circumstances of the case were

"sufficiently 'extraordinary'" that granting the plaintiffs' Rule 60(b)(6) motion was "appropriate to accomplish justice." *Id.* at 455 (quoting *Phelps*, 569 F.3d at 1135). Moreover, the Ninth Circuit emphasized that "litigants are entitled to rely on well-established circuit law as to which, at the time of reliance, there was no case pending in the Supreme Court either on a petition for writ of certiorari or on the merits." *Id.* at 448. It elaborated that,

> [a]lthough there is always the possibility that a well-established [law] will be abrogated by the Supreme Court, it is not in [our] institutional interest, or that of the litigants before it, to fault lawyers who proceed on the basis that an established procedural rule will remain intact, absent some tangible indication (such as a pending Supreme Court case) that it may not.

*Id.* at 448.

We likewise should not fault King for his lack of clairvoyant abilities, especially after his attempt to narrow the scope of issues on appeal and conserve judicial resources. Like the plaintiffs in *Henson*, King could not have reasonably foreseen that an intervening decision by the Supreme Court would shatter his reliance on settled law and deprive him of litigating against the federal officers who beat him nearly to death. King's failure to predict the future is not an instance of "attorney error or strategic miscalculation," *King*, 2024 WL 4609079, at \*6, and when federal courts hold litigants and their counsel to this impossible standard, they risk "undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

The district court also abused its discretion by deeming King's motion untimely. Federal Rule of Civil Procedure 60(c) advises that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The district court erroneously construed King's motion as falling under subsection 60(b)(1) for instances of "mistake," Order, R. 135, Page ID #1435, thereby subjecting it to Rule 60(c)'s one-year time bar, instead of subsection 60(b)(6) for "other reason[s]" justifying relief, which instructs only that the timing of the motion be "reasonable." *See id.*; Fed. R. Civ. P. 60. Contrary to the district court's assertions, the record shows that King filed his Rule 60(b)(6) motion on November 29, 2023,

within one month after the Supreme Court denied his petition for certiorari on October 30, 2023, which is plainly "a reasonable time."  Fed. R. Civ. P. 60(c)(1).

## III.  CONCLUSION

Because the balance of interests clearly favors granting King's Rule 60(b)(6) motion, I respectfully dissent.